UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CURWOOD L. PRICE,

     Plaintiff,

v.

MICHIGAN UNEMPLOYMENT
INSURANCE AGENCY,

     Defendant.

Case No. 20-12756
Honorable Laurie J. Michelson

---

**OPINION AND ORDER GRANTING DEFENDANT'S UNOPPOSED MOTION TO DISMISS [14]**

---

Curwood Price filed this complaint in October 2020 alleging that the Michigan Unemployment Insurance Agency was denying Pandemic Unemployment Assistance (PUA) benefits for discriminatory reasons. Once service was finally completed in January 2021, the Agency filed a motion to dismiss Price's complaint on a number of grounds. Price has not filed a response, so the motion is unopposed. For the reasons that follow, the motion is granted.

**I.**

At the time the COVID-19 pandemic began, Price was earning income from his own internet-based commercial and graphic art business. (ECF No. 1, PageID.2.) In March 2020, Price lost all of his business "as all of his contracting business clients were forced to close their businesses." (*Id.*)

In August 2020, Price applied for PUA benefits. (*Id.* at PageID.3.) According to Price, on September 14, 2020, he received a written determination that he was eligible for PUA benefits dating back to April 5, 2020. (*Id.*) At the time of his complaint on October 8, 2020, Price had not received any payment of benefits. (*Id.*) So Price filed this complaint alleging that the Agency

discriminated against him by withholding payment of his PUA benefits because he is a registered sex offender. (*Id.* at PageID.4.) The only relief sought is payment of his unemployment benefits. (*Id.*)

On October 19, 2020, the Agency paid Price $13,342.70 for PUA benefits from the weeks ending April 11 through October 3, 2020. (ECF No. 14, PageID.54; ECF No. 14-1.) And Price has been paid benefits at regular biweekly intervals since then. (*Id.*)

## II.

In deciding a motion to dismiss under Rule 12(b)(6), the Court "construes the complaint in the light most favorable to the plaintiff, accepts the plaintiff's factual allegations as true, and determines whether the complaint 'contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Heinrich v. Waiting Angels Adoption Servs., Inc.*, 668 F.3d 393, 403 (6th Cir. 2012) (alteration in original) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

## III.

Under the Local Rules, a respondent opposing a motion must file a response within 21 days after service of the motion. E.D. Mich. LR 7.1. So Price's response was due on March 5, 2021. Price has not filed a response so the motion to dismiss is unopposed. The Court could grant the motion on this ground alone since Price's failure to respond means he has waived any potential arguments. *Humphrey v. U.S. Att'y Gen.'s Off.*, 279 F. App'x 328, 331 (6th Cir. 2008) ("[W]here, as here, plaintiff has not raised arguments in the district court by virtue of his failure to oppose defendants' motions to dismiss, the arguments have been waived.") (internal citations omitted); *see also Bazinski v. JPMorgan Chase Bank, N.A.*, No. 13–14337, 2014 WL 1405253, at *2 (E.D. Mich. Apr. 11, 2014) ("Claims left to stand undefended against a motion to dismiss are deemed

abandoned.") (citing cases); *Wheeler v. Long Beach Mortg. Co.*, No. 14-CV-14056-LJ, 2015 WL 1637619, at *2 (E.D. Mich. Apr. 13, 2015).

Nonetheless, for good measure the Court has reviewed the merits of the motion to dismiss and finds there are additional reasons for dismissal.

**A.**

First, it appears that Price's claims are moot. Although Price claims the Agency discriminated against him, he does not seek damages for that alleged discrimination. The relief his complaint seeks is simply payment of the PUA benefits he is entitled to. According to the public records provided by the Agency, shortly after he filed his complaint Price received full payment of PUA benefits dating back to April 2020. (ECF No. 14-1.) And according to the Agency, Price will continue to receive benefits as long as he remains eligible and Congress continues to extend the PUA program. (ECF No. 14, PageID.58.) So Price has already received all of the relief he seeks in his complaint. This may explain why he did not respond to the Agency's motion.

This Court has "no authority to render a decision upon moot questions or to declare rules of law that cannot affect the matter at issue." *Cleveland Branch, N.A.A.C.P. v. City of Parma, OH*, 263 F.3d 513, 530 (6th Cir. 2001). Mootness is determined by examining "whether the relief sought would, if granted, make a difference to the legal interests of the parties." *McPherson v. Michigan High School Athletic Ass'n., Inc.*, 119 F.3d 453, 458 (6th Cir. 1997) (internal citations omitted). Because Price has already received the relief he requests, there is no relief that this Court could grant that would make a difference to the legal interests of the parties and his claims are moot.

**B.**

Price's complaint must also be dismissed because the Michigan Unemployment Insurance Agency has sovereign immunity. The Eleventh Amendment of the U.S. Constitution gives states and their agencies immunity "from suits brought in federal courts by her own citizens" unless the immunity is explicitly waived. *Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993). There is no suggestion that immunity has been waived.

**IV.**

Also pending in this case is a motion for joinder and/or permissive intervention of parties (ECF No. 8) and a motion to file supplemental pleading (ECF No. 11). But because this suit is against a defendant that is immune from suit on claims that are moot, any addition of parties or claims would be futile and lead to dismissal.

**V.**

These two grounds for dismissal, coupled with the fact that the motion to dismiss is unopposed, are more than enough reason to grant the motion. So the Court will not address the Agency's other grounds for dismissal.

Plaintiff's motion for joinder and/or permissive intervention of parties (ECF No. 8) and motion to file supplemental pleading (ECF No. 11) are DENIED.

Defendant's motion to dismiss (ECF No. 14) is GRANTED and Price's complaint is DISMISSED WITH PREJUDICE.

SO ORDERED.

Dated: March 11, 2021

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE